UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS W. MCNAMARA, as the Court-Appointed Receiver for Triangle Media Corporation; Apex Capital Group, LLC; and their successors, assigns, affiliates, and subsidiaries,<br><br>                          Plaintiff,<br>v.<br>WELLS FARGO & COMPANY, a corporation, and WELLS FARGO BANK, N.A., a national banking association,<br>                          Defendants.<br><br>AND ALL CONSOLIDATED CASES | Lead Case No.: 21-CV-1245-TWR-DDL<br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**<br><br>(ECF No. 383) |

     Presently before the Court are Class Plaintiffs John McCraner, Janet Pollard, Sharon Stiansen, Michael Darlington, Susan R. Landreau, and John Tuffield's Unopposed Motion for Preliminary Approval of Class Action Settlement ("Mot.," ECF No. 383) and Notice of Non-Opposition (ECF No. 387). Having carefully reviewed Class Plaintiffs' Motion; the papers filed and arguments made in connection with Class Plaintiffs' Motion, including the Plan of Allocation and the release of claims; and the Stipulation and Agreement of

Settlement dated June 25, 2025 (the "Class Agreement") and the exhibits attached thereto,[1] the Court **GRANTS** the Motion and **ORDERS** as follows:

1. **Nature of the *McCraner* Action**: Class Plaintiffs allege that with the knowing assistance of Wells Fargo, the Apex Entities, Triangle Entities, and Tarr Entities deposited and laundered money they fraudulently obtained from consumers' purchases of consumer products, among others, through accounts at Wells Fargo. Wells Fargo denies all of Class Plaintiffs' claims and contends that it has fully complied with all laws at issue in the *McCraner* Action.

2. **Settlement Class**: Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court **CERTIFIES**, solely for purposes of effectuating the Settlement, a Class consisting of all persons who were enrolled in recurring billing by any of the Tarr Entities, Triangle Entities, or Apex Entities from 2009 to present (the "Class Period"). Excluded from the Class are Defendants and present and former officers and directors of Wells Fargo. Also excluded from the Class are any persons or entities that exclude themselves by submitting a request for exclusion that is accepted by the Court.

3. **Class Findings**: Solely for purposes of the Settlement of the *McCraner* Action, the Court **FINDS** that each element required for certification of the Class pursuant to Rule 23 has been met: (i) the members of the Class are so numerous that their joinder in the *McCraner* Action would be impracticable; (ii) there are questions of law and fact common to the Class that predominate over any individual questions; (iii) the Class Plaintiffs' claims in the *McCraner* Action are typical of the claims of the Class; (iv) Class Plaintiffs and Class Counsel have and will fairly and adequately represent and protect the interests of the Class; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the *McCraner* Action.

///

---

[1] Unless otherwise defined herein, all capitalized words contained in this Order shall have the same meaning that they have in the Class Agreement.

4.    The Court concludes that, pursuant to Rule 23 and for the purposes of the Settlement only, Class Plaintiffs John McCraner, Janet Pollard, Sharon Stiansen, Michael Darlington, Susan R. Landreau, and John Tuffield are adequate class representatives and **CERTIFIES** them as Class Representatives for the Class. The Court also **APPOINTS** Glancy Prongay & Murray LLP as Class Counsel for the Class, pursuant to Rule 23(g).

5.    **Preliminary Approval of the Settlement**: The Court **PRELIMINARILY APPROVES** the Settlement, as embodied in the Class Agreement, as being fair, reasonable, and adequate to the Class, subject to further consideration at the Final Approval Hearing to be conducted as described below. The Court finds on a preliminary basis that the Settlement as set forth in the Class Agreement falls within the range of reasonableness and was the product of informed, good-faith, arm's-length negotiations between the Parties and their counsel, and therefore meets the requirements for preliminary approval. The Court finds and concludes that the Parties' years of vigorous litigation and the assistance of a Magistrate Judge in the settlement process supports the finding that the Settlement is non-collusive.

6.    **Final Approval Hearing**: The Court **SETS** a Final Approval Hearing on **March 26, 2026, at 1:30 p.m., in Courtroom 14A** of the James M. Carter and Judith N. Keep United States Courthouse, 333 West Broadway, San Diego, CA 92101, for the following purposes: (i) to determine whether the proposed Settlement on the terms and conditions provided for in the Class Agreement is fair, reasonable, and adequate to the Class and should be approved; (ii) to determine whether a Judgment substantially in the form attached as Exhibit B to the Class Agreement should be entered to dismiss the *McCraner* Action with prejudice against Defendants; (iii) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (iv) to determine whether the motion by Class Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (v) to consider any other matters that may properly be brought before the Court in connection

///

with the Settlement. Notice of the Settlement and the Final Approval Hearing **SHALL BE GIVEN** to Class Members as set forth in paragraph 8 of this Order.

      7.      The Court may adjourn the Final Approval Hearing without further notice to the Class and may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

      8.      **<u>Retention of Settlement Administrator</u>**: The Court **AUTHORIZES** Class Counsel to retain Epiq Class Action & Claims Solutions (the "Settlement Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as processing Claims as more fully set forth below. Notice of the Settlement and the Final Approval Hearing shall be given by Class Counsel as follows:

      (a)      not later than <u>thirty (30) days after the date of entry of this Order</u> (the "Notice Date"), the Settlement Administrator **SHALL CAUSE** a copy of Short-Form Notice, substantially in the form of Exhibit A-4 to the Motion, (*see* ECF No. 383-2 at 88–90), with links to the Notice and the Claim Form, substantially in the forms of Exhibits A-1 and A-2 to the Motion, respectively (the "Notice Packet"), (*see* ECF No. 383 at 64–85), to be e-mailed to potential Class Members who transacted with Apex Entities and Triangle Entities at the e-mail addresses set forth in the available business records, or who otherwise may be identified through further reasonable effort;

      (b)      <u>contemporaneously with disseminating the Short-Form Notice</u>, the Settlement Administrator **SHALL ESTABLISH** a website, **SHALL POST** on the website, and **SHALL MAKE AVAILABLE** for download the Notice and the Claim Form, the Class Agreement and exhibits, and the operative Complaint;

      (c)      <u>not later than the Notice Date</u>, the Settlement Administrator **SHALL CAUSE** the Publication Notice, substantially in the form of Exhibit A-3 to the Motion, (*see* ECF No. 383-2 at 86–87), to be published as follows:

      (i)      as a banner on various websites that offer products similar to those offered by the Apex Entities, the Triangle Entities, and the Tarr Entities;

      (ii)    as a banner on various websites visited by individuals interested in products similar to those offered by the Apex Entities, the Triangle Entities, and the Tarr Entities;

      (iii)    as an ad on Facebook/Instagram and X (Twitter);

      (iv)    as a sponsored ad in search listings on Google, Yahoo, and Bing; and

      (v)    via *PR Newswire* (in English and Spanish).

(d) not later than <u>seven (7) days before the Settlement Hearing</u>, Class Counsel **SHALL SERVE** on Defendants' Counsel and **SHALL FILE** with the Court proof, by affidavit or declaration, of such e-mailing and publication.

(e) The Settlement Administrator has prepared a CAFA notice in conformity with 28 U.S.C. § 1715. The Court **FINDS** that Wells Fargo has satisfied its obligations under CAFA.

(f) The Settlement Administrator **SHALL OTHERWISE CARRY OUT** its duties as set forth in paragraphs 21–31 of the Class Agreement.

9. **Approval of Form and Content of Notice**: The Court (a) **APPROVES**, as to form and content, the Notice, the Claim Form, the Publication Notice, and the Short-Form Notice attached as Exhibits A-1, A-2, A-3, and A-4 to the Motion, respectively; and (b) **FINDS** that the dissemination of the Notice and Claim Form and the publication of the Publication Notice in the manner and form set forth in paragraph 8 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of (a) the pendency of the *McCraner* Action, (b) the effect of the proposed Settlement (including the Releases to be provided thereunder), (c) their right to object to the Settlement or exclude themselves from the Class, the Plan of Allocation, Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and Class Representative's request for Service Awards, and (d) their right to appear at the Final Approval Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the

proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable laws and rules. The date and time of the Final Approval Hearing **SHALL BE INCLUDED** in the Notice and Publication Notice before they are e-mailed and published, respectively.

10. **Participation in the Settlement and Claim Form**: Class Members who previously received payments from the FTC in the Triangle Action or the Apex Action do not need to submit a Claim Form to be eligible to receive a distribution from the Settlement. Class Members who did not previously receive a distribution payment from the FTC in the Apex Action or the Triangle Action, or who paid money to Tarr, must complete and submit a Claim Form in accordance with the instructions contained therein to participate in the Settlement and be eligible to receive a distribution from the Net Settlement Fund. Unless the Court orders otherwise, all Claim Forms **MUST BE POSTMARKED OR SUBMITTED ONLINE** no later than ninety (90) days after the Notice Date. Notwithstanding the foregoing, the Settlement Administrator may, at its discretion, accept for processing late, properly completed Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

11. Each Claim Form submitted **MUST SATISFY** the following conditions: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (ii) if applicable, it must be accompanied by supporting documentation deemed adequate by the Settlement Administrator; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of the Settlement Administrator; (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein; and (v) the Claim Form must be signed under penalty of perjury.

12. Any Class Member who (i) did not previously receive a distribution payment from the FTC in the Apex or Triangle Actions; and (ii) does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) **SHALL BE DEEMED** to have waived their right to share in the Net Settlement Fund; (b) **SHALL BE FOREVER BARRED** from participating in any distributions therefrom; (c) **SHALL BE BOUND** by the provisions of the Class Agreement and the Settlement and all proceedings, determinations, orders, and judgments in the *McCraner* Action relating thereto, including, without limitation, the Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) **SHALL BE BARRED** from commencing, maintaining, or prosecuting any of the Class Released Claims against each and all of the Wells Fargo Releasees, as more fully described in the Class Agreement and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13. **Exclusion From the Class**: Any member of the Class who wishes to exclude themself from the Class **MUST REQUEST** exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (i) any such request for exclusion from the Class must be mailed or delivered such that it is received no later than twenty-one (21) days before the Final Approval Hearing, to: Free Trial, Recurring Billing Settlement, EXCLUSIONS, c/o Settlement Administrator, P.O. Box 6397, Portland, OR 97228-6397, and (ii) each request for exclusion must: (a) state the lead case name and number of *McNamara v. Wells Fargo Bank, N.A., et al.*, Lead Case No. 3:21-cv-1245; (b) state the name, address, and telephone number of the person or entity requesting exclusion; (c) contain a statement that indicates a desire to be excluded from the Class, such as "I hereby request that I be excluded from the Class;" (d) state the name of the product(s) involved; (e) provide adequate supporting documentation to demonstrate membership in the Class; and (f) be signed by the person, or an authorized representative of the entity requesting exclusion. A request for exclusion **SHALL NOT BE EFFECTIVE** unless it

///

(i) provides all the required information; and (ii) is received within the time stated above in this paragraph, or is otherwise accepted by the Court.

14. Any person who, and any entity which, timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class **SHALL NOT BE** a Class Member, **SHALL NOT BE** bound by the terms of the Settlement or any Orders or Judgments in the *McCraner* Action, and **SHALL NOT RECEIVE** any payment out of the Net Settlement Fund.

15. Any Class Member who does not timely and validly request exclusion from the Class in the manner stated in this Order: (i) **SHALL BE DEEMED** to have waived their right to be excluded from the Class; (ii) **SHALL BE FOREVER BARRED** from requesting exclusion from the Class in this or any other proceeding; (iii) **SHALL BE BOUND** by the provisions of the Class Agreement, Settlement, and all proceedings, determinations, Orders, and Judgments in the *McCraner* Action, including, but not limited to, the Judgment, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (iv) **SHALL BE BARRED** from commencing, maintaining, or prosecuting any of the Class Released Claims against any of the Wells Fargo's Releasees, as more fully described in the Class Agreement and Notice.

16. **Appearance and Objections at Final Approval Hearing**: Any Class Member who does not request exclusion from the Class **MAY ENTER** an appearance in the *McCraner* Action, at his or her own expense, individually or through counsel of his or her own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Class Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-one (21) days before the Final Approval Hearing, or as the Court may otherwise direct. *Any Class Member who does not enter an appearance will be represented by Class Counsel.*

17. Any Class Member who does not request exclusion from the Class **MAY FILE** a written objection to the proposed Settlement, the proposed Plan of Allocation, Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation

Expenses, and/or Class Plaintiffs' request for Service Awards, and **APPEAR AND SHOW CAUSE**, if that person or entity has any cause, why (i) the proposed Settlement should not be approved as fair, reasonable, and adequate; (ii) a Final Judgment should not be entered; (iii) the proposed Plan of Allocation should not be approved; (iv) Class Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; and/or (v) an award should not be made to the Class Representatives; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, Class Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, and/or Class Plaintiffs' request for Service Awards unless that person or entity has filed a written objection with the Court and served copies of such objection on Class Counsel, Defendants' Counsel, and the Settlement Administrator at the addresses set forth below such that they are received no later than twenty-one (21) days before the Final Approval Hearing.

| Court | Class Counsel | Defendants' Counsel | Settlement Administrator |
|---|---|---|---|
| Clerk of Court<br>United States District Court<br>Carter-Keep Courthouse<br>333 W. Broadway<br>Suite 420<br>San Diego, CA 92101 | Jonathan Rotter<br>Gregory Linkh<br>Melissa Wright<br>Garth Spencer<br>Glancy Prongay & Murray LLP<br>1925 Century Park East<br>Suite 2100<br>Los Angeles, CA 90067 | David Powell<br>Alicia Baiardo<br>Todd Dressel<br>McGuireWoods LLP<br>Two Embarcadero Center<br>Suite 1300<br>San Francisco, CA 94111<br><br>Molly White<br>Anthony Le<br>McGuireWoods LLP<br>1800 Century Park East<br>8th Floor<br>Los Angeles, CA 90067 | *Free Trial, Recurring Billing Settlement*<br>Settlement Administrator<br>PO Box 6397<br>Portland, OR 97228-6397 |

18. Any objections, filings, and other submissions by the objecting Class Member **MUST**: (i) state the case name and number of *McNamara v. Wells Fargo Bank, N.A., et al.*, Lead Case No. 3:21-cv-1245; (ii) state the name, address, and telephone number of the person or entity objecting to the Settlement; (iii) contain a statement of the Class Member's objection(s) and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; (iv) state the name of the product(s) involved; (v) provide adequate supporting documents to prove membership in the Class; (vi) include a statement of whether the objector intends to appear at the Final Approval Hearing, either with or without counsel; and (vii) provide a signature by the person, or an authorized representative of the entity, requesting exclusion. Objectors who enter an appearance and desire to present evidence at the Final Approval Hearing in support of their objection **MUST INCLUDE** in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19. Any Class Member who does not make an objection in the manner provided herein **SHALL BE DEEMED** to have waived their right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and Class Plaintiffs' request for Service Awards, and **SHALL BE FOREVER BARRED AND FORECLOSED** from objecting to, or from otherwise being heard on, the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, Class Counsel's requested attorneys' fees and Litigation Expenses, or Class Plaintiffs' request for Service Awards in this or any other proceeding.

20. **Stay and Temporary Injunction**: Until otherwise ordered by the Court, the Court **STAYS** all proceedings in the *McCraner* Action other than proceedings necessary to carry out or enforce the terms and conditions of the Class Agreement. Pending final determination of whether the Settlement should be approved, the Court **BARS AND ENJOINS** Class Plaintiffs, and all other members of the Class, from commencing or

21-CV-1245-TWR-DDL

prosecuting any and all of the Class Released Claims against each and all of the Wells Fargo Releasees.

21. **Settlement Administration Fees and Expenses**: All reasonable costs incurred in identifying Class Members and notifying them of the Settlement as well as in administering the Settlement (including any costs of CAFA notice) **SHALL BE PAID** as set forth in the Class Agreement without further Order of the Court.

22. **Settlement Fund**: The contents of the Settlement Fund held by Huntington Bank (which the Court **APPROVES** as the Escrow Agent), **SHALL BE DEEMED AND CONSIDERED** to be *in custodia legis* of the Court, and **SHALL REMAIN** subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Class Agreement and/or further Order(s) of the Court.

23. **Taxes**: Class Counsel is **AUTHORIZED AND DIRECTED** to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further Order of the Court in a manner consistent with the provisions of the Class Agreement.

24. **Termination of Settlement**: If any of the following occurs: (i) the Settlement is terminated as provided in the Class Agreement, (ii) the Settlement is not approved, or (iii) the Effective Date of the Settlement otherwise fails to occur, then this Order **SHALL BE VACATED, RENDERED NULL AND VOID, AND BE** of no further force and effect, except as otherwise provided by the Class Agreement, and this Order **SHALL BE** without prejudice to the rights of Class Plaintiffs, the other Class Members, and Defendants, and the Parties **SHALL REVERT** to their respective positions in the *McCraner* Action as of October 30, 2024, as provided in the Class Agreement.

25. **Use of this Order**: Neither this Order, the Class Agreement (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading

to the execution of the Class Agreement, nor any proceedings taken pursuant to or in connection with the Class Agreement and/or approval of the Settlement (including any arguments proffered in connection therewith):  (i) **SHALL BE OFFERED** against any of the Wells Fargo Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Wells Fargo's Releasees with respect to the truth of any fact alleged by Class Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this *McCraner* Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Wells Fargo Releasees or in any way referred to for any other reason as against any of the Wells Fargo Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Class Agreement; (ii) **SHALL BE OFFERED** against any of the Class Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Class Releasees that any of their claims are without merit, that any of the Wells Fargo Releasees had meritorious defenses, or that damages recoverable under the Class Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Class Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Class Agreement; or (iii) **SHALL BE CONSTRUED** against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Class Agreement is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

26. **Supporting Papers**: Class Counsel **SHALL FILE AND SERVE** the opening papers in support of the proposed Settlement, the Plan of Allocation, Class

Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and Class Plaintiffs' request for Service Awards <u>no later than thirty-five (35) calendar days before the Final Approval Hearing</u>; and responsive papers, if any, **SHALL BE FILED AND SERVED** no later than <u>seven (7) calendar days before the Final Approval Hearing</u>.

27. **Continuance of Final Approval Hearing**: The Court reserves the right to continue the date of the Final Approval Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of, or connected with, the proposed Settlement. The Court may approve the Settlement with such modifications as may be agreed to by the Parties and, if appropriate, without further notice to the Class.

28. **No Merits Determination**: By entering this Order, the Court does not make any determination as to the merits of the *McCraner* Action.

29. **Authority**: The Court hereby **AUTHORIZES** the Parties to take further steps as necessary and appropriate to establish the means necessary to implement the terms of the Class Agreement.

30. **Jurisdiction**: The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.[2]

31. As discussed above, the Court **SETS** the following schedule for the Final Approval Hearing and the actions that must take place before it:

///
///
///
///

---

[2] To the extent the Parties intend for the Court to retain jurisdiction after final approval of the Settlement Agreement, in accordance with Section V of the undersigned's Standing Order for Civil Cases, the Parties **SHALL EMAIL** a completed Consent to Jurisdiction by a United States Magistrate Judge form to efile_robinson@casd.uscourts.gov.

| EVENT | TRIGGERING EVENT | DATE/DEADLINE |
|---|---|---|
| Settlement Administrator will:<br><br>1. email the Notice Packet to potential Class Members who transacted with the Apex and Triangle Entities,<br>2. establish settlement website, and<br>3. publish the Publication Notice. | 30 days after the date of this Order | December 4, 2025 |
| Deadline for Class Counsel to file and serve opening papers in support of the proposed Settlement, the Plan of Allocation, Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and Class Plaintiffs' request for Service Awards. | 35 days before Final Approval Hearing | February 19, 2025 |
| Deadline for Claim Forms to be postmarked. | 90 days after Notice Date | March 4, 2026 |
| Deadline for:<br><br>1. receipt by Settlement Administrator of requests for exclusion from the Class;<br>2. filing with Court and receipt by Class and Defendants' Counsel of notices of appearance by Class Members; and<br>3. Filings with the Court and Receipt by Class Counsel, Defendants' Counsel, and the Settlement Administrator of written objections. | 21 days before Final Approval Hearing | March 5, 2026 |

| Deadline for:<br><br>1. Class Counsel to serve Defendants' Counsel and with the Court proof of emailing of the Notice Packet and publication of the Publication Notice, and<br>2. Filing and service of any papers in response to Class Counsel's opening papers. | **7 days before Final Approval Hearing** | **March 19, 2026** |
|---|---|---|
| Final Approval Hearing | | **March 26, 2026, at 1:30 p.m., in Courtroom 14A** |

**IT IS SO ORDERED.**

Dated: November 4, 2025

_____
Honorable Todd W. Robinson
United States District Judge