UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

THOMAS W. MCNAMARA, as the Court-Appointed Receiver for Triangle Media Corporation; Apex Capital Group, LLC; and their successors, assigns, affiliates, and subsidiaries,

Plaintiff,

v.

WELLS FARGO & COMPANY, a corporation, and WELLS FARGO BANK, N.A., a national banking association,

Defendants.

JOHN MCCRANER, SHARON STIANSEN, JANET POLLARD, MICHAEL DARLINGTON, SUSAN R. LANDREAU, and JOHN N. TUFFIELD, individually and on behalf of all similarly situated,

Plaintiffs,

v.

WELLS FARGO & COMPANY, a corporation; and WELLS FARGO BANKS, N.A., a national banking association,

Defendants.

Lead Case No.:  21-CV-1245 TWR (DDL)

**ORDER GRANTING (1) CLASS PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, AND (2) CLASS COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

(ECF Nos. 390, 391)

1

21-CV-1245 TWR (DDL)

Presently before the Court are Class Plaintiffs John McCraner, Janet Pollard, Sharon Stiansen, Michael Darlington, Susan R. Landreau, and John Tuffield's Motion for Final Approval of Class Action Settlement and Plan of Allocation ("Final Approval Mot.," ECF No. 390) and Class Counsel Glancy Prongay Wolke & Rotter LLP's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Fee Mot.," ECF No. 391) (together, the "Motions"), as well as the Reply in Further Support of Class Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation ("Reply," ECF No. 393). The Settlement Administrator, Epiq Class Action & Claims Solutions, Inc., emailed 1,298,179 Short-Form Notices to 1,282,076 potential Class Members, (*see* ECF No. 393-1 ("Supp. Azari Decl.") ¶ 12), 1,030,382 of which were delivered. (*See id.* ¶ 15.) The Settlement Administrator also mailed a long form Notice (in English) and Claim Form ("Claim Package") to 32 persons who requested one via the toll-free telephone number or other means. (*See id.* ¶ 14.) Approximately 63,294,508 impressions were generated by targeted digital advertising ("Digital Notices") appearing nationwide for thirty days in English and Spanish on *Google Display Network*, *Basis Ad Network*, *Facebook*, *Instagram*, *Reddit*, and *X* (*Twitter*). (*See id.* ¶¶ 17, 18, 22–24.) Following this widespread dissemination of notice in accordance with the Court's November 4, 2025 Order Preliminarily Approving Settlement and Providing for Notice, (*see* ECF No. 388 ¶¶ 8, 9), the Motions are unopposed, (*see generally* Docket), and "***not one*** Class Member objected to the Settlement, the Plan of Allocation, or Class Counsel's Fee and Expense Application and ***only two*** requested exclusion from the Class." (*See* Reply at 2 (emphasis in original).)

The Court held a hearing on March 26, 2026. (*See* ECF No. 394.) Having carefully reviewed the Parties' arguments, the record, and the relevant law, the Court **GRANTS** the Motions and **ORDERS** as follows:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated June 25, 2025 (the "Class Agreement," ECF No. 383-2), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Class Agreement.

21-CV-1245 TWR (DDL)

2.    The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Class Members.

## FINAL APPROVAL MOTION

3.    Notice of Class Plaintiffs' motion for approval of the proposed Plan of Allocation was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for approval of the proposed Plan of Allocation satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

4.    The Plan of Allocation was posted on the settlement website, www.freetrial recurringbillingsettlement.com, and no objections to the proposed plan were submitted.

5.    The Court hereby **FINDS** and **CONCLUDES** that the formula for the calculation of the claims of Claimants as set forth in the Plan of Allocation provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund among Class Members with due consideration having been given to administrative convenience and necessity.

6.    The Court hereby **FINDS** and **CONCLUDES** that the Plan of Allocation is, in all respects, fair and reasonable to the Class, and, accordingly, the Court **APPROVES** the Plan of Allocation.

## FEE MOTION

7.    Notice of Class Counsel's Fee Motion was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

/ / /

21-CV-1245 TWR (DDL)

8. Plaintiffs' Counsel is hereby **AWARDED** attorneys' fees in the amount of **33⅓% of the Settlement Fund** and **$2,416,461.45** in reimbursement of Plaintiffs' Counsel's litigation expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

a. The Settlement has created a fund of $33,000,000 for the benefit of the Class pursuant to the terms of the Class Agreement, and that numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Class Counsel;

b. There were no objections to the requested attorneys' fees and reimbursement of Litigation Expenses;

c. Class Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

d. The Action raised a number of complex issues;

e. Had Class Counsel not achieved the Settlement, there would remain a significant risk that Class Plaintiffs and the other members of the Class may have recovered less or nothing from Defendants;

f. Plaintiffs' Counsel devoted 18,016.90 hours, with a lodestar value of approximately $16,389,193.50, to achieve the Settlement; and

g. The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

9. Plaintiff John McCraner is hereby **AWARDED $10,000** from the Settlement Fund related to his representation of the Class.

10. Plaintiff Sharon Stiansen is hereby **AWARDED $10,000** from the Settlement Fund related to her representation of the Class.

/ / /

21-CV-1245 TWR (DDL)

11. Plaintiff Janet Pollard is hereby **AWARDED $12,500** from the Settlement Fund related to her representation of the Class.

12. Plaintiff Susan Landreau is hereby **AWARDED $10,000** from the Settlement Fund related to her representation of the Class.

13. Plaintiff Michael Darlington is hereby **AWARDED $7,500** from the Settlement Fund related to his representation of the Class.

14. Plaintiff John Tuffield is hereby **AWARDED $10,000** from the Settlement Fund related to his representation of the Class.

15. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

* * *

16. In accordance with the Parties' Consent to Exercise of Jurisdiction by a United States Magistrate Judge, exclusive jurisdiction is hereby retained by the Honorable David D. Leshner over the Parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Class Agreement and this Order.

17. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Class Agreement.

18. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

**IT IS SO ORDERED.**

Dated:  March 26, 2026

_____
Honorable Todd W. Robinson
United States District Judge

21-CV-1245 TWR (DDL)